1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-04816-CRB
    _____)
21  *This document relates to*         )
                                       )  **PFIZER INC., PHARMACIA
22  LONNY BREYMAN,                     )  CORPORATION, AND G.D.
                                       )  SEARLE LLC'S ANSWER TO
23              Plaintiff,             )  COMPLAINT**
                                       )
24      vs.                            )  **JURY DEMAND ENDORSED
                                       )  HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26  CO.),                              )
                                       )
27              Defendants.            )
    _____)
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                         **I.**

6                          **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9  generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10  specific time periods in which Plaintiff was prescribed and used Celebrex®.

11                                        **II.**

12                                     **ANSWER**

13    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15  that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain periods

16  of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18  with their approval by the FDA.    Defendants admit that, during certain periods of time,

19  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.    Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**<u>Response to Allegations Regarding Parties</u>**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Texas and California, to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    5.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8    Celebrex® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

10   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11   and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   6.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18   Celebrex® in the United States to be prescribed by healthcare providers who are by law

19   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22   adequately described in its FDA-approved prescribing information, which was at all times

23   adequate and comported with applicable standards of care and law.  Defendants deny any

24   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25   7.    Defendants state that the allegations in this paragraph of the Complaint regarding

26   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Hawaii and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the State of Hawaii or the State of California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3    Panel on Multidistrict Litigation on September 6, 2005.

4                          **Response to Factual Allegations**

5    12.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    13.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

11   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

12   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

13   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

14   adequately described in its FDA-approved prescribing information, which was at all times

15   adequate and comported with applicable standards of care and law.  Defendants deny that

16   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

17   paragraph of the Complaint.

18   14.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

25   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

26   paragraph of the Complaint.

27   15.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

2    Celebrex® was expected to reach users and consumers without substantial change from the

3    time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    16.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

11    remaining allegations in this paragraph of the Complaint.

12    17.    Defendants state that the allegations in this paragraph of the Complaint regarding

13    aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

14    response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

15    referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

16    remaining allegations in this paragraph of the Complaint.

17    18.    Defendants state that the allegations in this paragraph of the Complaint are not directed

18    towards Defendants and, therefore, no response is required.  To the extent that a response is

19    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

20    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

21    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22    19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

23    towards Defendants and, therefore, no response is required.  To the extent that a response is

24    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

25    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

26    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

28    towards Defendants and, therefore, no response is required.  To the extent that a response is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

24.      Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.      Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.      Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

27.     Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text. Any attempt to characterize the FDA Update is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000. Defendants assert that the submission speaks for itself and any attempt to characterize it is denied. Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    32.    Defendants state that the referenced study speaks for itself and respectfully refer the

3    Court to the study for its actual language and text.  Any attempt to characterize the study is

4    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

5    paragraph of the Complaint.

6    33.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

7    the Court to the Medical Officer Review for its actual language and text.  Any attempt to

8    characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

9    deny the remaining allegations in this paragraph of the Complaint.

10   34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

11   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

12   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

13   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14   35.    Defendants state that the referenced articles speak for themselves and respectfully refer

15   the Court to the articles for their actual language and text.  Any attempt to characterize the

16   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

17   refer the Court to the study for its actual language and text.  Any attempt to characterize the

18   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23   37.    Defendants state that the referenced articles speak for themselves and respectfully refer

24   the Court to the articles for their actual language and text.  Any attempt to characterize the

25   articles is denied.   Defendants deny the remaining allegations in this paragraph of the

26   Complaint.

27   38.    Defendants state that the referenced article speaks for itself and respectfully refer the

28   Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

2    Court to the study for its actual language and text.  Any attempt to characterize the study is

3    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    39.    Defendants state that the referenced Medical Officer Review speaks for itself and

5    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

6    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

7    allegations in this paragraph of the Complaint.

8    40.    Plaintiff fails to provide the proper context for the allegations concerning "Public

9    Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

10   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11   Defendants deny the remaining allegations in this paragraph of the Complaint.

12   41.    Defendants state that the referenced article speaks for itself and respectfully refer the

13   Court to the article for its actual language and text.  Any attempt to characterize the article is

14   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   42.    Defendants state that the referenced study speaks for itself and respectfully refer the

17   Court to the study for its actual language and text.  Any attempt to characterize the study is

18   denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

19   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

20   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   43.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

23   referenced article speaks for itself and respectfully refer the Court to the article for its actual

24   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

25   remaining allegations in this paragraph of the Complaint.

26   44.    Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text.  Any attempt to characterize the article is

28   denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

2   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

3   of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

4   belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

5   referenced study speaks for itself and respectfully refer the Court to the study for its actual

6   language and text.  Any attempt to characterize the study is denied.  Defendants state that the

7   referenced article speaks for itself and respectfully refer the Court to the article for its actual

8   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

9   remaining allegations in this paragraph of the Complaint.

10  55.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants deny the allegations in this

12  paragraph of the Complaint.

13  56.    Defendants state that the referenced article speaks for itself and respectfully refer the

14  Court to the article for its actual language and text.  Any attempt to characterize the article is

15  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  57.    Defendants state that allegations in this paragraph of the Complaint are not directed

17  toward Defendants, and therefore no response is required.  To the extent that a response is

18  deemed required, Defendants state that the referenced article speaks for itself and respectfully

19  refer the Court to the article for its actual language and text.  Any attempt to characterize the

20  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  58.    Defendants deny the allegations in this paragraph of the Complaint.

22  59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

27  remaining allegations contained in this paragraph of the Complaint.

28  60.    Defendants deny any wrongful conduct and deny the allegations contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   paragraph of the Complaint.

2   61.    Defendants deny any wrongful conduct and deny the allegations contained in this

3   paragraph of the Complaint.

4   62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

9   paragraph of the Complaint.

10  63.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17  Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

18  the Complaint.

19  64.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

20  Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

21  November 14, 2000.  Defendants state that the referenced letters speak for themselves and

22  respectfully refer the Court to the letters for their actual language and text.  Any attempt to

23  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

24  of the Complaint.

25  65.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

26  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

27  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

71.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   United States to be prescribed by healthcare providers who are by law authorized to prescribe

2   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

3   allegations in this paragraph of the Complaint.

4   72.   Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which at all times was adequate and comported with applicable standards of care and law.

8   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

9   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

10  law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

11  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

12  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

13  United States to be prescribed by healthcare providers who are by law authorized to prescribe

14  drugs in accordance with their approval by the FDA.   Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16  73.   Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  74.   Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27  the Complaint.

28  75.   Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   78.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

16   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

17   paragraph of the Complaint.

18   79.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

23   remaining allegations in this paragraph of the Complaint.

24   80.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® are and were adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Complaint.

81.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

84.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

85.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   86.    Defendants state that this paragraph of the Complaint contains legal contentions to

5   which no response is required.  To the extent that a response is deemed required, Defendants

6   admit that they had duties as are imposed by law but deny having breached such duties.

7   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8   FDA-approved prescribing information.  Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   87.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint, including all subparts.

21   88.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

89.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

94.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

95.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

3   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5   with their approval by the FDA.  Defendants admit that, during certain periods of time,

6   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8   providers who are by law authorized to prescribe drugs in accordance with their approval by the

9   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

10  consumers without substantial change from the time of sale.  Defendants deny the remaining

11  allegations in this paragraph of the Complaint.

12  96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  97.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

22  remaining allegations in this paragraph of the Complaint.

23  98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

28  remaining allegations in this paragraph of the Complaint, including all subparts.

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    103.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

11   paragraph of the Complaint.

12   104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   105.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28   107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-26-

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Third Cause of Action: Breach of Express Warranty**

5    109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    110.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10    effective when used in accordance with its FDA-approved prescribing information.  Defendants

11    state that the potential effects of Celebrex® were and are adequately described in its FDA-

12    approved prescribing information, which was at all times adequate and comported with

13    applicable standards of care and law.  Defendants admit that they provided FDA-approved

14    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

15    this paragraph of the Complaint.

16    111.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19    effective when used in accordance with its FDA-approved prescribing information.  Defendants

20    state that the potential effects of Celebrex® were and are adequately described in its FDA-

21    approved prescribing information, which was at all times adequate and comported with

22    applicable standards of care and law.  Defendants admit that they provided FDA-approved

23    prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

24    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

25    112.    Defendants admit that they provided FDA-approved prescribing information regarding

26    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

27    paragraph of the Complaint.

28    113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-27-

ANSWER TO COMPLAINT – 3:07-cv-04816-CRB

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

120.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

2   medication which is approved by the FDA for the following indications: (1) for relief of the

3   signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

4   arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

5   primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

6   adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

7   surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

8   signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10  125.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants admit that they provided FDA-approved

17  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

18  this paragraph of the Complaint.

19  126.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,

22  Celebrex® was expected to reach users and consumers without substantial change from the

23  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24  127.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

3   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

4   128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8   130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

9   damage, and deny the remaining allegations in this paragraph of the Complaint.

10   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

11   131.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12   Complaint as if fully set forth herein.

13   132.    Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is required.  To the extent that a response is deemed required, Defendants

15   admit that they had duties as are imposed by law but deny having breached such duties.

16   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

17   FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   133.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint, including all subparts.

28   134.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-31-

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   135.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9   effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Celebrex® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

13  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

14  paragraph of the Complaint.

15  136.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20  the Complaint.

21  137.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

146.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

147.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the remaining allegations in this paragraph of the Complaint.

148.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

153.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

154.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

159. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

161. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

162. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action:  Survival Action**

178. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

179. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

180. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 | Restatement (Second) of Torts § 402A, Comment k.

2 | **Twenty-seventh Defense**

3 | 27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

4 | product at issue "provides net benefits for a class of patients" within the meaning of Comment f

5 | to § 6 of the Restatement (Third) of Torts: Products Liability.

6 | **Twenty-eighth Defense**

7 | 28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

8 | Products Liability.

9 | **Twenty-ninth Defense**

10 | 29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

11 | facts sufficient under the law to justify an award of punitive damages.

12 | **Thirtieth Defense**

13 | 30.    Defendants affirmatively aver that the imposition of punitive damages in this case

14 | would violate Defendants' rights to procedural due process under both the Fourteenth

15 | Amendment of the United States Constitution and the Constitution of the State of California,

16 | and would additionally violate Defendants' rights to substantive due process under the

17 | Fourteenth Amendment of the United States Constitution.

18 | **Thirty-first Defense**

19 | 31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

20 | Fourteenth Amendments to the United States Constitution.

21 | **Thirty-second Defense**

22 | 32.    The imposition of punitive damages in this case would violate the First Amendment to

23 | the United States Constitution.

24 | **Thirty-third Defense**

25 | 33.    Plaintiff's punitive damage claims are preempted by federal law.

26 | **Thirty-fourth Defense**

27 | 34.    In the event that reliance was placed upon Defendants' nonconformance to an express

28 | representation, this action is barred as there was no reliance upon representations, if any, of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)   permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   collateral sources.

2                            **Fifty-first Defense**

3   51.    Defendants' liability, if any, can only be determined after the percentages of

4   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

6   claimants and each and every other person whose fault could have contributed to the alleged

7   injuries and damages, if any, of Plaintiff.

8                           **Fifty-second Defense**

9   52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12                           **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

14  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22                          **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25                           **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   as may apply.

2   **Fifty-sixth Defense**

3   56.   Defendants state on information and belief that any injuries, losses, or damages suffered

4   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

5   conduct of persons or entities other than Defendants.   Therefore, Plaintiff's recovery against

6   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

7   **Fifty-seventh Defense**

8   57.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

9   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

10  Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive

11  damages is also barred under California Civil Code § 3294(b).

12  **Fifty-eighth Defense**

13  58.   Defendants reserve the right to supplement their assertion of defenses as they continue

14  with their factual investigation of Plaintiff's claims.

15  **V.**

16  **PRAYER**

17  WHEREFORE, Defendants pray for judgment as follows:

18  1.   That Plaintiff take nothing from Defendants by reason of the Complaint;

19  2.   That the Complaint be dismissed;

20  3.   That Defendants be awarded their costs for this lawsuit;

21  4.   That the trier of fact determine what percentage of the combined fault or other liability

22       of all persons whose fault or other liability proximately caused Plaintiff's alleged

23       injuries, losses or damages is attributable to each person;

24  5.   That any judgment for damages against Defendants in favor of Plaintiff be no greater

25       than an amount which equals their proportionate share, if any, of the total fault or other

26       liability which proximately caused Plaintiff's injuries and damages; and

27  6.   That Defendants have such other and further relief as the Court deems appropriate.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  November 8, 2007                                    GORDON & REES LLP

2

3                                                       By: _____/s/_____

4                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
5                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
6                                                          San Francisco, CA 94111
                                                           Telephone:  (415) 986-5900
7                                                          Fax:  (415) 986-8054

8
   November 8, 2007                                    TUCKER ELLIS & WEST LLP
9

10
                                                       By: _____/s/_____
11

12                                                        Michael C. Zellers
                                                           michael.zellers@tuckerellis.com
13                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA 90071
14                                                         Telephone:  (213) 430-3400
                                                           Fax:  (213) 430-3409
15
                                                           Attorneys for Defendants
16                                                         PFIZER INC, PHARMACIA
                                                           CORPORATION, and G.D. SEARLE
17                                                         LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2          Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   November 8, 2007                              GORDON & REES LLP

6

7                                                By:_____/s/_____

8                                                    Stuart M. Gordon
                                                     sgordon@gordonrees.com
9                                                    Embarcadero Center West
                                                     275 Battery Street, 20th Floor
10                                                   San Francisco, CA  94111
                                                     Telephone:  (415) 986-5900
11                                                   Fax:  (415) 986-8054

12

13  November 8, 2007                              TUCKER ELLIS & WEST LLP

14

15                                               By:_____/s/_____

16                                                   Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
17                                                   515 South Flower Street, Suite 4200
                                                     Los Angeles, CA 90071
18                                                   Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

19
                                                     Attorneys for Defendants
20                                                   PFIZER INC, PHARMACIA
                                                     CORPORATION, and G.D. SEARLE
21                                                   LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-49-